Foster agt. City of Buffalo.

---

# SUPREME COURT.

HUBBARD FOSTER, HUBBARD A. FOSTER, JEWETT M. RICH-MOND and STEPHEN V. RYAN, agt. THE CITY OF BUFFALO.

*Street or parks in cities — Rights of owners of lands abutting thereon — Easement.*

The rule is, that where a conveyance is bounded upon a street or highway in the absence of any expression, showing a contrary intent, the grantor will be deemed to have intended to convey the fee to the center line of the street or highway. If, however, it is bounded by the easterly or westerly or the exterior bounds, or commences and runs from some fixed monuments so as necessarily to cause the line to run on the exterior line of the street or highway, so that it is apparent that it was the intention of the grantor to reserve to himself the fee of the highway, there the deed must be construed accordingly. It is a question of intent to be determined from the reading of the instrument.

Another rule is, that where the owner of land in a city lays out a street through, or a park in it, and then sells off lots on either side, bounded thereon, the purchasers are entitled to have the space of ground laid out left open forever for their use and enjoyment.

Where, as in this case, the Holland Land Company (who formerly was the owner of most of the land now embraced in the city of Buffalo); in the year 1814 laid out this open space and named it Cazenovia terrace, and it ever since has been kept open and used as a public street and park, the plaintiffs and their grantors in making their purchases understood that the same was so laid out and dedicated for that purpose:

*Held*, that even if it be conceded that the plaintiffs who are the present owners of some portion of the land abutting on said terrace, are not the owners of the fee of the lands embraced within the terrace, they

are the owners of an easement therein, of which they cannot be deprived except by a voluntary conveyance, or by the taking of the same under the rights of eminent domain.

The city is not the owner of the fee of the lands embraced within the terrace and on which it proposes to erect the building; and until it acquires the fee, or extinguishes the easement, it has no right to take and occupy the same for any other purpose than that for which the lands were originally dedicated.

*Erie, Special Term, August,* 1882.

MOTION to continue the temporary injunction granted herein *pendente lite.*

*E. J. Plumley,* for plaintiffs.

*Giles E. Stilwell,* for defendant.

HAIGHT, *J.* — The defendants, the City of Buffalo and the police board of such city, threatened, and were about to take possession of a portion of Cazenovia terrace in the city of Buffalo, for the purpose of erecting thereon a building to be used by the police department of the city, for their offices, station-house, &c. The plaintiffs claim to own an interest in the land so proposed to be taken by the city, and they object to the taking of such land without being compensated for their interest therein.

Formerly the Holland Land Company was the owner of most of the lands now embraced in the city of Buffalo. In the year 1814 the company caused a map to be made and filed, whereby a portion of the lands embraced in the city was then divided into lots with streets and open squares designated thereon, among which was Cazenovia terrace. Subsequently, and in the year 1826, the trustees of the then village of Buffalo declared the terrace so laid out to be a public highway, and in the year 1832 it was ordered to be graded. During all the intervening time up to the present date the terrace has been used as a public street, with the exception of a small portion thereof between Seneca and Erie streets, and

in the centre of the terrace, upon which trees were planted, and the same used as a public park. The legislature, by chapter 180 of the Laws of 1882, authorized the city to erect upon any portion of Cazenovia terrace which has been laid out and inclosed as public grounds, the building spoken of. It is not contended, however, that by this act the legislature has or can deprive private citizens of any interest that they may have in the lands. Such deprivation is prohibited by the Constitution. After the mapping and laying out of Cazenovia terrace, the Holland Land Company conveyed the lands abutting thereon bounding the same, in some instances upon the exterior line of the terrace, and in some instances upon the terrace. The plaintiffs are the present owners of some portions of the land so conveyed.

It is contended on the part of the plaintiffs that they are the owners of the fee of the land to the center of the terrace. The descriptions in their deeds where they adjoin the terrace differ in phraseology. I have not thought it necessary upon this motion to trace through the title of each and determine whether they are the owners of the fee or not. The rule is that where a conveyance is bounded upon a street or highway in the absence of any expression, showing a contrary intent, the grantor will be deemed to have intended to convey the fee to the center line of the street or highway. If, however, it is bounded by the easterly or westerly or the exterior bounds, or commences and runs from some fixed monument, so as necessarily to cause the line to run on the exterior line of the street or highway, so that it is apparent that it was the intention of the grantor to reserve to himself the fee of the highway, then the deed must be construed accordingly. It is a question of intent to be determined from the reading of the instrument.

If it be conceded that the plaintiffs are not the owners of the fee of any portion of the lands embraced within the terrace, still I am of the opinion that they are the owners of an easement therein, of which they cannot be deprived except

by a voluntary conveyance, or by the taking of the same under the right of eminent domain. The rule is that where the owner of land in a city lays out a street through, or a park in it, and then sells off lots on either side, bounded thereon, the purchasers are entitled to have the space of ground laid out left open forever for their use and enjoyment. In this case the Holland Land Company laid out this open space, named it, and it ever since has been kept open and used as a public street and park. The plaintiffs and their grantors in making their purchases understood that the same was so laid out and dedicated for that purpose. By their purchase they acquired an easement in such open space.

It is not contended that the city is the owner of the fee of the lands on which it proposes to erect the building, and until it acquires the fee, or extinguishes the easements, it has no right to take and occupy the same for any other purpose than that for which the lands were originally dedicated.

In the case of the *White's Bank of Buffalo* agt. *Nichols*, in the court of appeals (*reported in* 64 *N. Y.*, *page* 65), ALLEN, J., says: "Where the owner of land in a city lays out a street through it, and sells lots on each side of the street, * * * the grantees of lots are entitled as purchasers to have the interval or space of ground left open forever as a street, and to the right of using the way for every purpose that may be useful and necessary for the accommodation of the granted premises. Neither the corporation of the city, nor the state authorities, nor the grantor, can do any act to impair this right or restrict the grantees in the enjoyment of it. The lot owners having the right to this easement may exclude the owner of the soil himself. When land is granted, bounded on a street or highway, there is an implied covenant that there is such a way, that so far as the grantor is concerned it shall be continued, and that the grantee, his heirs and assigns, shall have the benefit of it." This rule is old and familiar to the bar. It has been repeatedly sanctioned by our courts. The same rule was declared *In the Matter of the*

*Opening of the Eleventh avenue (reported in* 81 *N. Y.,* 436–444). The judge in writing the opinion in that case, after stating the rule and referring to the case of *The White's Bank of Buffalo* agt. *Nichols (supra)*, says : " This general principle is too well established by authority to admit of dispute."

The case of *Pratt* agt. *The Buffalo City Railway Company, and others (reported in* 19 *Hun,* 30) is a decision of the general term of this department, and has reference to this Cazenovia terrace. In that case it was held that the plaintiff had an easement in the terrace, and that such easement would be impaired by the construction and operation of a steam railroad, and on that ground the defendant was enjoined.

About the year 1835 the city of Buffalo erected a market building upon this same terrace. Subsequently the city was indicted for erecting and maintaining such building in the terrace, on the ground that it was a nuisance. It was then held and decided that the terrace was a public highway ; that the city had no right to build upon or block it up; that by so doing it was guilty of maintaining a nuisance. The city was convicted, and such conviction was affirmed in the general term.

My attention has been called to the case of *Gates* agt. *The Buffalo and East-side Railway Company,* in the city of Buffalo. The opinion was by DANIELS, J., and not reported. I do not understand that decision to be in conflict with any principle hereinbefore stated. In that case the Buffalo and East-side Railway Company desired to build and construct a street railway through Allen street. The plaintiff had procured an injunction. She was the owner of the land fronting upon the street. Her land, however, was bounded by the exterior line of the street, so that she did not own the fee. That she had an easement in the street, had the right to have it kept open, to pass over, along and upon the street, was not disputed. Whilst it has been repeatedly held that the laying of a street railroad track is an additional burthen upon the fee,

it has not as yet been held to be an additional burthen upon an easement. The passage of a street car along the street does not encumber it any more than would the passage of an omnibus or a stage-coach. The owner of the easement still has the street kept open, still has the right to travel over and upon the same. A very different question would have been presented in case the railroad company had proposed to erect a permanent building in the street. In that case she would have been entirely deprived of her easement, which by the running of street cars remains unimpaired.

Upon the argument it was contended on the part of the city that the value of the interests of the plaintiffs in the premises was nominal and of trivial consequence, and that the city ought not to be delayed in taking possession of the premises. I do not understand that the courts have any discretion in the matter. The rule of law is the same whether their interests are worth six cents or $600. Until they have received the value thereof and their interest is extinguished, the city has no right to take possession of their property.

The injunction should be continued until the city acquires the title to the premises.

NOTE. — This case has been affirmed in the general term on the foregoing opinion.